# GERALD J. DI CHIARA
ATTORNEY AT LAW

585 Stewart Avenue, Suite L-16
Garden City, New York 11530

30 East 33rd Street, 4th Fl
New York, New York 10016

**LAURA DI CHIARA, ESQ.**

(212) 679-1958
FAX NO. (646) 307-6984

April 30, 2021

<u>By ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **United States v. Richard Dale Sterritt**
**21 Cr. 193 (KAM)**

Dear Judge Matsumoto,

This letter is submitted to this Court in support of an application to endorse the Conditions of Release Ordered by the Honorable Renee Harris Toliver, made after a full evidentiary hearing held on April 21, 2021, in the Northern District of Texas, and in opposition to the Government's appeal of that Order to Your Honor, and its request for a permanent order of detention.

Contrary to the government's argument, the Magistrate correctly applied the law and standards for release of the Bail Reform Act of 1984 consistent with the precedent and standards of our Circuit, as well as, "every Circuit which has done so," (see **United States v. Morgan**, 2014 WL 3375028, (7th Circuit) (2014)).

## LEGAL STANDARD

The Bail Reform Act requires a detention hearing and authorizes detention "for a defendant falling into any of six categories." **United States v. Dillard,** 214 F.3d 88, 91 (2d Cir., 2000). Three categories are grounded in the nature of the crime charged, including crimes of violence, crimes for which the potential sentence is death or life imprisonment, and serious drug offenses, 18 U.S.C.§§3142(f)(1)(A)-(C); one category centers on the defendant's criminal record, 18 U.S.C. 3142(f)(1)(D) (two or more convictions for specified crimes): and two categories are based on a risk of flight, obstruction of justice or witness or jury tampering. 18 U.S.C. §§ 3142(f)(2)(A) and (B). A defendant who does not fall within one of the six categories eligible for pretrial detention under 3142(f) **"must be released, notwithstanding (the defendant's) dangerousness."** Dillard, 214 F.3d, at 96; see also **United States v. Friedman,** 837 F.2d 48, 49 (2d Cir. 1988) (no detention based on dangerousness where defendant charged with non-violent, non-drug offense). On the other hand, if a detention hearing is mandated under Section 3142(f), the Bail Reform Act permits pretrial detention if, after the hearing, the prosecution establishes that no assortment of bail conditions reasonably will assure the defendant's presence and the safety of others. Mehler, Gleeson, James & Cooley, **Federal Criminal Practice, A Second Circuit Handbook,** § 4-3 Pretrial Detention, p.106, (Twentieth Edition 2020)

"However, the Bail Reform Act does not permit pretrial detention on the basis of dangerousness in the absence of the risk of flight, obstruction of justice or an indictment for the offenses enumerated above." **United States v. Friedman,** 837 F.2d 48, 49 (2d Cir. 1988).

In the instant case, Mr. Sterritt does not fall into any of the enumerated categories, and in the absence of a finding that no conditions will reasonably assure his presence in Court, must be released. Moreover, there are conditions of release, as the Magistrate correctly found, that reasonably assure his appearance.

## RISK OF FLIGHT AND CONDITIONS OF RELEASE

This is a non-violent and non-drug related case. The detention hearing showed clearly that Mr. Sterritt is not a physical danger to anyone.

Q. (Mr. Gividen, defendant's counsel in Texas) … so let's be clear, because you mentioned, I guess, danger to the community. But to be clear, in all of these recorded conversations and all the many things that Mr. Sterritt said, he never threatened violence against anybody, right?

A. (SA Jennifer Riker) Not that I know of.

Q. Doesn't have any history of violence.

A. Not that I know of.

Q. Not threatening people, anything of that nature, correct?

A. Not that I know of.

(Gov't Exh., Hearing Tr., p. 24)

We cannot lose sight of the fact that these proceedings are being done amidst the backdrop of a very serious and dangerous pandemic, especially for people with underlying conditions. Mr. Sterritt is a 64 year old man suffering from a myriad of medical issues, i.e. high blood pressure, diabetes and heart problems. He recently had a heart ablation as confirmed by the government agent at the hearing.

Q. (Mr. Gividen) Are you aware of his many health conditions?

A. (SA Jennifer Riker) I'm aware of some of his health conditions.

Q. … he had a heart ablation recently.

A. I did not know that.

…

Q. Are you aware that he goes to Parkland Hospital constantly because of the severity of his many medical issues?

A. Oh, I am sorry. Now that you mention the ablation, I do remember hearing that. Sorry.

...

A. ... it may have required some sort of surgery, yes. I'm sorry.
(Gov. Exh., Tr. p 27, 28)

---

He has lived in Dallas, Texas for the past 41 years & resides with his mother at 2421 Fulton Drive, Garland, Texas, 75044, for the past 10 years. (PSA report from Texas, p.2). He is the caretaker for his mother who is 88 years old, and helps her with the day to day issues that confront her. He, himself is disabled and has received disability for the past 15 years (See Texas Pretrial Report, p.2). He is indigent and has qualified for the appointment of counsel.

---

When considering whether there are conditions that will reasonably assure the defendant's presence at future proceedings, the Court should look at the history of compliance by the defendant. In September of 2020 the SEC in a parallel investigation issued a subpoena for documents. More than 4,000 documents have been produced by defendant in response. Q. " ...subpoena and has produced over 4,000 documents in response to it? A. (SA Riker) I vaguely recall that. (Tr. 30)

In the 2002 case defendant kept every pretrial Court appearance and there is no evidence he failed to meet and kept all his supervised release appointments.

The only blemish on his compliance is solely from the defendant's conversations being taped by the Under Cover Agent, that while on supervised release the defendant used phones in the name of others to get around restrictions.

How much of what the defendant said was true and how much was said to impress the Agent is questionable. The Agent admitted the defendant was given in conversation to making statements to the UCA that weren't true. " Q. ... I mean, we've talked about getting the yacht, we've talked about him sending phones. Would it be fair to say that allegedly Mr. Sterritt made a lot of statements that

weren't completely true when he was talking to the undercover agent? A. From what our investigation revealed, there were some statements that were untrue. (Tr. 32, 33)

---

## Magistrate's Ruling

All three independent entities: 1) the Pretrial Services Agency of the Northern District of Texas, the Pretrial Service Agency of the Eastern District of New York and the Federal Magistrate in the Northern District of Texas have concluded that there exists conditions that reasonably assure the appearance of the defendant, and have so recommended, and the Magistrate so ruled. This ruling was a correct reflection of the Bail Reform Act as has been previously discussed in this submission.

The Court: … the only thing I agree with Mr. Gividen about  -- is that there are conditions that could reasonably assure appearance as required here … if I can't find that there's a serious risk that the defendant will flee, I don't even get to the other issues if whether he poses a danger or risk of flight.

(Tr p.55).

As noted in this submission:  … A defendant who does not fall within one of the six categories eligible for pretrial detention under 3142(f) "must be released, notwithstanding (the defendant's) dangerousness." **Dillard,** 214 F.3d at 96.

In any event, the Magistrate's ruling was made after input from AUSA Pitluck setting stringent conditions of release to attempt to address the dangerousness concerns, including but not restricted to: travel restrictions; contact restrictions with co-defendants and any unindicted co-conspirators identified by the United States Attorney's Office; home incarceration with GPS monitoring; PTS supervision; no securities involvement; no phone except for a landline that may be used only in the event of an emergency; court ordered

location monitoring and to communicate with attorney(s) of record in this case and Harlan Protass (SEC civil attorney) (Exhibit A, Order Setting Conditions of Release).

The Magistrate, as pointed out by the government, did not impose any financial posting obligations on the defendant. The Bail Reform Act provides that a judge "may not impose a financial condition that results in the pretrial detention of the person," 18 U.S.C. § 3142(c)(2). Since the defendant is indigent any such condition would result in his incarceration and should not be impopsed.

Wherefore, it is respectfully submitted that the Honorable Renee Harris Toliver correctly applied the law as required, and her bail decision ordering conditions of release should be affirmed. It is therefore requested that the defendant be released upon the stringent conditions, as ordered, or, in the alternative, the Court order Mr. Sterritt's release upon similar conditions which to this Court seems just and right.

Respectfully,
s/Gerald J. Di Chiara