Gmail

Gary Cutler <garycutlerlaw@gmail.com>

## Richard Sterritt
1 message

**Mark Kesler** <Mark@tksales.net>  Thu, Dec 5, 2024 at 9:59 AM
To: "garycutlerlaw@gmail.com" <garycutlerlaw@gmail.com>

Gary,

DECEMBER 2, 2024

THE HONORABLE KIYO A. MATSUMOTO

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

225 CADMAN PLAZA EAST

BROOKLYN, NEW YORK 11201

Re: United States v. Richard Dale Sterritt, Jr., Docket No. 21 Cr. 193 (KAM)

Dear Judge Matsumoto:

Defendant, hereby invoking his right to self-representation under both the Sixth Amendment of the U.S. Constitution and 28 U.S.C. 1654, respectfully submits this letter-motion for various relief. For the reasons stated hereinafter, this motion should be granted in its entirety.

I. DENIAL OF RIGHT TO SELF-REPRESENTATION.

On several occasions this Defendant has unequivocally invoked his right to self-representation, only to have the Court effectively deny him that right and to disregard his valiant efforts to invoke his substantial right. On at least one occasion, current counsel informed the Court of Defendant's invocation of his rights to self-representation, and requested a conference to determine whether he would continue as stand-by counsel. The Court was not only dismissive, but even directed counsel to withdraw from the docket the filing which conclusively established Defendant's invocation of his substantial right to proceed pro se.

The U.S. Supreme Court has made clear that criminal defendants may invoke their rights to self-representation and that federal courts must respect that right. See, Faretta v. California, 422 U.S. 806 (1975). Defendant has been denied that right without explanation or justification, and such has resulted in substantial prejudice -- including substantially delaying the sentence, in violation of Defendant's right to due process. See, United States v. Ray, 578 F.3d 184 (2d Cir. 2009)("The Federal Rules of Criminal Procedure . . . protect criminal defendants from unreasonable delays in sentencing.").

The Court's denial (without explanation or justification) of Defendant's right to self-representation has demonstrated improper judicial animus for which Congress has mandated recusal. See, 28 U.S.C. 455(a). Consequently, Defendant seeks reassignment of the case to a different U.S. district judge, and his right to self representation.

## II. MOTION TO WITHDRAW GUILTY PLEA.

Six months ago Defendant filed with the Court a motion to, inter alia, withdraw his guilty plea based on a claim of ineffective assistance of counsel. Defendant did so in a pro se capacity, and the Court has effectively refused to entertain the motion. After seeking and obtaining new counsel (current counsel), Defendant again moved to withdraw his guilty plea after current counsel advised that he would not do so. Defendant, again, moves to withdraw his guilty plea.

Prior to entering an open guilty plea, the Government extended a favorable plea offer that required Defendant to enter a plea to a single count -- wire fraud conspiracy. On the advice of counsel, Defendant rejected that offer. But for former counsel's grossly incompetent advice -- which included misinformation regarding the applicable statutory maximum and sentencing guidelines (at least one of which was repeated by the Court during the entry of the open plea -- i.e., misinformation regarding the statutory maximum applicable to the money laundering conspiracy offense) -- Defendant would have accepted the Government's plea offer, which would have significantly reduced his maximum term of imprisonment, the mandatory assessment fees, and the number of convictions.

Rule 11(d)(2) of the Federal Rules of Criminal Procedure allows for the withdrawal of a guilty plea where a defendant demonstrates a "fair and just reason" for doing so. The Court has ignored such "fair and just reasons" for allowing Defendant to withdraw his guilty plea. Presumably, a biproduct of the Court's wholly improper judicial animus.

The right to effective assistance of counsel extends to the plea bargaining process. See, Lafler v. Cooper, 566 U.S. 156, 163 (2012)(holding that defense counsel provided ineffective assistance where counsel informed the defendant of a favorable plea offer which the defendant rejected based on the deficient advice of counsel). To establish ineffective assistance of counsel, and thus a "fair and just reason" for withdrawing a guilty plea, a defendant must demonstrate both deficient performance by his attorney, and prejudice flowing from counsel's unprofessional errors. See, generally Strickland v. Washington, 466 U.S. 668 (1984). In the plea context, the prejudice prong requires a defendant to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Alternatively, a defendant must show that there is a reasonable probability that he would have negotiated a more favorable plea agreement acceptable both to the government and to the district court. See, Kovacs v. United States, 744 F.3d 44, 52 (2d Cir. 2014); see also Missouri v. Frye, 566 U.S. 134, 148 (2012)(requiring a showing that "there is a reasonable probability neither the prosecution nor the trial court would have prevented the [plea] offer from being accepted or implemented"). Put another way, "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 566 U.S. at 163.

It should be noted that all defendants in this case entered pleas of guilty pursuant to written plea agreement -- save this Defendant -- and none were rejected by the Court. Consequently, there is absolutely no likelihood that had Defendant accepted the Government's plea offer, the Court would not have prevented the plea offer from being accepted and implemented. Had Defendant been represented by competent counsel at the time of the offer, he would have accepted the plea offer inasmuch as it was clearly a most favorable offer. Counsel's ineffectiveness provides a "fair and just reason" for allowing this Defendant to withdraw his open plea of guilty to all counts of the indictment, and any denial of such a withdrawal would be a gross abuse of discretion and a resulted in a complete miscarriage of justice given former counsel's indisputable incompetence.

## III. DENIAL OF ACCESS TO PRESENTENCE REPORT AND COUNSEL.

The Court appointed present counsel to represent this Defendant, and counsel had effectively abandoned Defendant until recently when he visited him on one occasion – presumably as directed by the Court. Counsel has filed objections to the presentence report. However, despite Defendant repeated requests to the Court and counsel, Defendant has been denied even an opportunity to review the presentence report. The Court has repeatedly been so informed, but has completely ignored Defendant's requests for the Court's intervention.

It should require no citation of authority to say that Defendant has been denied his substantive and procedural due process rights, which are compounded by the flagrant denial of his right of access to counsel, the Court, and to seek redress of grievances. The utter denial of such substantial rights is unprecedented.

Rule 32(e) of the Federal Rules of Criminal Procedure unequivocally provides that "[t]he probation officer must give the presentence report to the defendant, . . . ." Fed. R. Crim. P. 32(e)(2); United States v. Thorn, 317 F.3d 107, 130 n.17 (2d Cir. 2003). The Court, counsel, the Government, and probation have ignored this Defendant's right to access the presentence report, and have scheduled this matter for sentencing. Counsel has lodged objections to the presentence report without having any discussion – meaningful or otherwise – with this Defendant. Counsel's decision to pretend to advocate for Defendant without having any contact at all with him is both unethical and unbelievable.

The Court selected present counsel to represent this defendant after he complained of effectively being denied his Sixth Amendment right by former counsel. The Court then ignored counsel's efforts to ensure that the Court respected Defendant's right to self-representation – which Defendant only invoked in the face of being denied his right to an advocate by the very person entrusted with the responsibility of being his advocate.

The Court's effective denial of Defendant's due process right to review the presentence report -- despite it having been prepared and disseminated approximately four months ago is unimaginable and warrants an extraordinary remedy including, but not limited to, dismissal of this case.

IV. CONCLUSION.

For the reasons stated above, the Court should reassign this case to a different U.S. district judge, relieve present counsel, grant Defendant's motion to withdraw the guilty plea, and dismiss the indictment in the face of the complete deprivation of his right to counsel, to self-representation, access to the Court, and due process.

Respectfully submitted,

/s/

RICHARD DALE STERRITT, JR.

REGISTER NO. 28435-177

METROPOLITAN DETENTION CENTER

P.O. BOX 329002

BROOKLYN, NEW YORK 11232

cc: The Hon. Debra Ann Livingston, Chief U.S. Circuit Judge (2d Cir.)(with/encl.)

The Hon. Margo K. Brodie, Chief U.S. District Judge (EDNY)

Thank you,

Mark Kesler

# TK Sales, Inc.

180 Marino Rd.

Bryan, Tx 77808

979-778-8555 office

979-412-7767 cell